Hill, ].:
A jmy found Joshua M. Walker guilty of rape and two counts of sodomy of his 5-year-old daughter. He raises four trial errors and one sentencing issue. We must first decide whether the notice of appeal in this case limits our jurisdiction to the extent that we cannot review the trial errors claimed by Walker. The notice simply states:
“Notice is hereby given that the above named defendant appeals from the sentencing before this Honorable Court in the above captioned case to the State of Kansas Court of Appeals.” After reviewing the statutes and applicable cases, we conclude that we can only review the issue concerning Walker’s presumptive sentences.
What may be appealed in a criminal case is set by the Kansas Code of Criminal Procedure. As stated by the legislature, the public policy of Kansas is that a defendant has a right to appeal any judgment rendered against that defendant:
“Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed.” K.S.A. 2013 Supp. 22-3602(a).
Generally, any ruling, decision, order, or judgment can be the subject of an appeal in any conviction. See K.S.A. 2013 Supp. 22-3601; K.S.A. 2013 Supp. 22-3602. But there is no mention in the criminal code of how to raise an appeal.
How such an appeal is brought is governed by the Kansas Code of Civil Procedure and Supreme Court Rules, and it begins with the notice of appeal. K.S.A. 2013 Supp. 60-2103(b) provides: “Notice of Appeal, The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.” This statute explains how to appeal and exercise the right to appeal granted in K.S.A. 2013 Supp. 22-3602. See also Supreme Court Rules 2.02 (2013 Kan. Ct. R. Annot. 11) (notice of appeal); *902 2.04 (2013 Kan. Ct. R. Annot. 13) (docketing an appeal); 2.041 (2013 Kan. Ct. R. Annot. 16) (docketing statement).
This two-code (criminal-civil) approach is not new. The history is found in State v. Boyd, 268 Kan. 600, 604, 999 P.2d 265 (2000). The Boyd court explained how such appeals were handled before the second coming of the Kansas Court of Appeals:
“Prior to tire codification of the rules of appellate procedure in 1963, the General Statutes of Kansas required parties wishing to appeal to the Supreme Court to file a notice of appeal and an abstract. The notice of appeal statute required that ‘die party filing die same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of die judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken.’ [Citation omitted.]
“The appellate statutes also required that appellants file an abstract which would ‘include a specification of the errors complained of, separately set forth and numbered.’ [Citation omitted.]” 268 Kan. at 602-03.
The Supreme Court, in those days, vigorously enforced the requirement that an appellant specify all of the rulings appealed from in his or her notice of appeal.
Then, with the revision of the law in 1963, the Boyd court noted die simplified process and the public policy goal of affording one appeal to every defendant:
“It is clear drat by die legislative changes in 1963, die legislature intended it to be easier to take an appeal to an appellate court in Kansas. The process was simplified, with the goal being to afford every criminal defendant at least one appeal. K.S.A. 1999 Supp. 60-2103 was originally drafted, and remains virtually die same today, to only require an appellant to ‘designate the judgment or part thereof appealed from.’ There is no statute or court rule which expressly requires an appellant to set forth all of the errors that will be contested on appeal in the notice of appeal. When the legislature repealed G.S. 1949, 60-3306, and 60-3826 and enacted K.S.A. 60-2103, it was a signal that it is no longer necessary to specify each and eveiy issue to be contested on appeal in die notice of appeal.” (Emphasis added.) 268 Kan. at 604.
In Boyd, the notice of appeal simply stated that Boyd was appealing his conviction. The court held that notice was sufficient to give the Court of Appeals jurisdiction to consider the defendant’s substantive trial errors. The court explained what a limited role the notice of appeal plays in this process:
*903 “The notice of appeal should not be overly technical or detailed. The notice of appeal is not a device to alert the parties to all possible arguments on appeal. That is the purpose and function of die docketing statements and briefs filed by the parties. The briefs should list all of the issues to be argued by the parties and should contain the arguments and authorities for each issue. [Citation omitted.] The State does not generally take any significant action when receiving a notice of appeal. The fact that a notice may generally state that the defendant is appealing his ‘conviction does not harm or even affect the State in any appreciable way. The State determines the issues to be argued by reading the docketing statement and brief filed by the appellant and is given an opportunity to respond by filing its own brief. Whether a party has detailed its arguments in die notice of appeal does not affect the State’s practice or its appellate strategy.” 268 Kan. at 606.
Then, in State v. Wilkins, 269 Kan. 256, 270, 7 P.3d 252 (2000), the court ruled that errors in tire notice could be overlooked at times:
‘Wilkins’ notice of appeal stated drat he was appealing from the ‘judgment of sentence.’ The State contends the language in the notice limits Wilkins to raising issues regarding his sentencing only. Wilkins asserts that the notice of appeal should have read ‘judgment and sentence’ and that the use of the word ‘of was a typographical error. Wilkins further states that ‘it is clear from an overall review of this entire Appellate File that it was always the Defendantiappellant’s intention to challenge the judgment rather than his sentence.’ In fact, the sentence itself toas not appealable in this case.” (Emphasis added.)
The court went on to say this is really just a notice of intent to take an appeal and such criminal appeals should be just, speedy, and inexpensively determined:
“Given that the notice of appeal ‘should not be overly technical or detailed’; that the ‘State does not generally take any significant action when receiving a notice of appeal’; that the typographical error in this case ‘does not harm or even affect tire State in any appreciable way’; that the State has not shown surprise or prejudice; that this courtis to construe K.S.A. 60-2103(b) liberally to assure justice in every proceeding; and that actions should be just, speedy, and inexpensively determined, we hold that the ‘judgment of sentence’ language found in Wilkins’ notice of appeal sufficiently conferred jurisdiction on the Court of Appeals to determine the substantive issues raised in the robbery case.” 269 Kan. at 270.
Then, in State v. Coman, 294 Kan. 84, 90, 273 P.3d 701 (2012), the court ruled there is a jurisdictional aspect to the notice of appeal:
*904 “ ‘It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over tire rulings identified in the notice of appeal.’ [Citations omitted.]”
But Coman went on to state that the words of the notice of appeal will not be stretched beyond their normal meanings:
“Although our appellate courts have, at times, liberally construed a notice of appeal to retain jurisdiction, one simply cannot construe a notice that appellant is appealing his or her sentence to mean that he or she is appealing tire conviction.” 294 Kan. at 90.
Then, recently in State v. Laurel, 299 Kan. 668, 673-74,325 P.3d 1154 (2014), the Supreme Court stated there is a substantive minimum for a notice of appeal:
“K.S.A. 2011 Supp. 60-2103(b) provides that ‘[t]he notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.’ We liberally construe K.S.A. 60-2103(b) ‘ “to assure justice in every proceeding,” ’ [citations omitted]; but there is still a substantive minimum below which a notice cannot fall and still support jurisdiction. See, e.g., State v. Coman, 294 Kan. 84, 90, 273 P.3d 701 (2012) . . . [citations omitted].”
In other words, an appellate court will not rewrite a notice of appeal for the defendant. That brings us back to the notice of appeal filed here. We note that Walker vainly attempted to file an amended notice of appeal in the district court where he was convicted. This filing was a nullity since the docketing statement had already been filed in this court and thus the district court lost jurisdiction over this case. See State v. Dedman, 230 Kan. 793, Syl. ¶ 2, 640 P.2d 1266 (1982). No motion to remand to the district court for the purpose of filing an amended notice of appeal was filed in this court — the only court with jurisdiction to hear the matter.
Considering Walker s notice of appeal, there is no hint of any subject in his notice other than his sentence. Following the rulings in Coman and Laurel, we will confine our review to the issue of Walker’s sentence.
Walker sought a downward departure from a hard-25 sentence for each conviction to 155 months’ imprisonment. He asserted seven factors drat favored a reduced sentence:
*905 (1) He only had a criminal history score of I, meaning he had no prior convictions;
(2) though maintaining his innocence, he has strong remorse for his actions as a parent; to
(3) his age of 27 years; co
(4) his alleged lack of pedophilic tendencies, as reflected in a psychosexual evaluation conducted “before he was found guilty”; xp
(5) his willingness to participate in the sexual offender treatment plan the psychosexual evaluation report recommended “if he were to be found guilty”;
(6) his ability to work and contribute financially for his two young children, one being the victim; and CO
(7) his two children would be young adults when he was released and “no longer under his ability to nurture or control.” -4
The record also indicates Walker testified at sentencing regarding his remorse “for not being a good father.” In this Jessica’s Law case, the district court denied the motion and found that the arguments fell “far short” of being substantial and compelling. Under K.S.A. 21-4643(d), a district court is not required to state its reasons for denying a departure because the statute only requires the district court state on the record the substantial and compelling mitigating factors for a departure. State v. Florentin, 297 Kan. 594, 601-02, 303 P.3d 263 (2013). We review the ruling of the sentencing court for an abuse of discretion. State v. Floyd, 296 Kan. 685, 687, 294 P.3d 318 (2013).
Walker raped his 5-year-old daughter and sodomized her twice. The record reflects that the district court considered Walker’s departure motion and his asserted mitigating factors. The court found his seven mitigating factors were not substantial. Given the nature of Walker’s crimes we cannot say that no reasonable person would agree with the district court’s decision to impose the presumptive sentences. Walker has not met his burden to show on appeal that the district court abused its discretion by denying his departure motion.
*906 Walker s sentences are affirmed. Walker s claims of trial errors are dismissed.
Affirmed in part and dismissed in part.
[[Image here]]