NOT DESIGNATED FOR PUBLICATION

No. 113,086

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN EUGENE BATTLES, JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed May 6, 2016. Dismissed in part and affirmed in part.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam:*  A jury found Kevin Battles guilty of attempted kidnapping of an 8-year-old girl who was waiting for her school bus. We reject his contention that there is insufficient evidence to sustain his conviction. Plus, Supreme Court precedent compels us to deny his improper sentencing claim as the district court did not need to submit the question of his criminal history to the jury. Finally, we do not address his posttrial claims of ineffective assistance of counsel because his notice of appeal specifically appeals only his conviction and sentence. The notice contains no catchall language that would allow us

1

to consider the effectiveness of his counsel. Simply put, we have no jurisdiction over that question. We affirm.

*A young schoolgirl was grabbed from behind and choked.*

We will refer to the 8-year-old girl by her initials, H.B. Her friend will be called C.N. H.B. testified that she was standing at her school bus stop by herself when a man walked up behind her, put his forearm around her throat, and choked her. H.B. did not get a look at the man's face but observed that he was wearing an indigo jacket and was holding a pole and a book. H.B. immediately bit down on the man's arm on the jacket sleeve and stomped on his right foot. The man let H.B. go and "speed-walked away."

H.B.'s classmate and friend, C.N., testified that he was standing on his back porch when he saw a man choking H.B. from behind with a stick around her neck while she stood at the bus stop. C.N. saw that the man had a blue KC baseball cap. He did not get a look at the man's face. C.N. ran to the bus stop as the bus was arriving and asked H.B. what happened. H.B. got on the bus and told C.N. While on the bus, H.B. noticed the same man that had choked her was walking past her school.

The bus driver, Charles Isabell, testified that he heard H.B. loudly say, "'That's the man that tried to kidnap me.'" Isabell saw a man walking down the street wearing a gray jacket and a Royals baseball cap carrying a stick and a clipboard or book. Isabell stopped the school bus and asked H.B. if she was sure of what she was saying because it was a serious allegation. H.B. responded that the man Isabell saw had tried to kidnap her, and then she explained what had happened at the bus stop. Isabell reported the incident to his superior, who then called the police.

Later, officers found a man wearing clothing that matched the description H.B. provided and arrested Battles. Battles was wearing a blue jacket, a KC ball cap, and was carrying a notebook.

Two officers and a detective testified that H.B. told them that a man had put his arm around her throat and then released her when she bit him, stomped on his foot, and kicked him. H.B. told the detective she was scared and thought the man "was going to hit her in the head with the stick until she was unconscious or dead and kidnap her."  Battles' jacket was tested for H.B.'s saliva, but none of the areas tested screened positive. DNA was obtained from the lower left arm of the jacket, but it was inconclusive.

At trial, Battles presented no evidence. The jury found him guilty of attempted kidnapping on April 8, 2014. At the sentencing hearing on July 3, 2014, the district court denied Battles' motion for a downward dispositional departure sentence and, based on Battles' criminal history score of D, sentenced Battles to the presumptive term of 52 months in prison.

*We list some pertinent dates.*

Battles filed his notice of appeal. It states:

> "Notice is hereby given that Appellant, Kevin Battles, by and through his attorney of record Michael Page Jr., Attorney at Law, duly licensed to practice law in the state of Kansas, appeals to the Kansas Court of Appeals, the finding of guilt at jury trial that took place on *April 8th, 2014* and subsequent criminal sentence in the above referenced matter by the Honorable Michael Russell *on July 3rd, 2014*." (Emphasis added.)

Battles raised the issue of the effectiveness of his trial counsel in an amended motion for a new trial. On May 30, 2014, the district court held an evidentiary hearing on

3

his amended motion for a new trial. Trial counsel testified. The district court also heard testimony from Battles, his mother, and his girlfriend. After the presentation of evidence, the district court took the matter under advisement. Then, on June 25, 2014, the district court orally announced its ruling denying Battles' amended motion for a new trial after rejecting his allegations of ineffective assistance of trial counsel.

*We have no jurisdiction over the ineffective counsel claims.*

An appellate court has a duty to question jurisdiction on its own initiative. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). In Kansas, the right to appeal is defined by statute and is not contained in the United States or Kansas Constitutions. In turn, when the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Phinney*, 280 Kan. 394, 398, 122 P.3d 356 (2005).

The Kansas Code of Criminal Procedure establishes that a defendant has a right to appeal any judgment in a criminal case:

> "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 2015 Supp. 22-3602(a).

Clearly then, a defendant generally can appeal any ruling, decision, order, or judgment in any conviction. See K.S.A. 2015 Supp. 22-3601; K.S.A. 2015 Supp. 22-3602.

Next, the Kansas Code of Civil Procedure and Supreme Court Rules establish the content requirements of a notice of appeal and how an appeal is brought. K.S.A. 2015 Supp. 60-2103(b) provides that the notice of appeal "shall designate the judgment or part

4

thereof appealed from." See Supreme Court Rules 2.02 (2015 Kan. Ct. R. Annot. 12); 2.04 (2015 Kan. Ct. R. Annot. 15); 2.041 (2015 Kan. Ct. R. Annot. 17). Consequently, an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal. *State v. Garza*, 295 Kan. 326, 329, 286 P.3d 554 (2012).

We should not be overly technical about this. The Kansas Supreme Court has recognized "[t]he notice of appeal should not be overly technical or detailed. The notice of appeal is not a device to alert the parties to all possible arguments on appeal. That is the purpose and function of the docketing statements and briefs filed by the parties." *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000). Appellate courts, therefore, must liberally construe the notice of appeal in a criminal case to assure a just, speedy, and inexpensive determination. *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000).

Notices of appeal need not be overly technical or detailed, and they must be liberally construed. However, there is still a substantive minimum below which a notice cannot fall and still support jurisdiction. See *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014). In other words, "the words of the notice of appeal will not be stretched beyond their normal meanings." *State v. Walker*, 50 Kan. App. 2d 900, 904, 334 P.3d 901 (2014), *rev. denied* (Oct. 7, 2015). In *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012), the court ruled that a notice appealing a sentence does not grant jurisdiction to review a conviction.

Battles has raised three issues in his brief. First, Battles challenges his April 8, 2014, conviction for attempted kidnapping by arguing that the evidence was insufficient. Second, Battles asserts that the district court erred on June 25, 2014, by denying his motion for a new trial. In support of his claim of error, Battles argues he was entitled to a new trial because his attorney's performance at trial was deficient in three different areas. Specifically, Battles argues trial counsel "(1) failed to investigate possible defenses and witnesses, (2) failed to call Jacquetta Noble to testify, and (3) failed to bring the

5

inattentiveness of three jurors to the attention of the district court." Battles, however, does not challenge the district court's remaining three decisions concerning trial counsel's representation: Battles was properly advised of his right to testify and had knowingly waived that right; trial counsel had properly discussed the evidence with Battles; and Battles' allegations that trial counsel violated Kansas ethical rules were conclusory. Issues not briefed by the appellant are deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Third, Battles invokes *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to appeal the sentence the district court imposed on July 3, 2014.

Clearly, Battles' notice of appeal does not preclude him from appealing the evidence supporting his conviction. Battles specified that he intended to challenge the sufficiency of the evidence supporting the finding of guilt on April 8, 2014. The same holds true for Battles' *Apprendi* challenge given that Battles specifically referred to the sentenced imposed by the district court at sentencing on July 3, 2014. Consequently, we have jurisdiction to consider both of these issues.

Battles is trying to appeal the district court's June 25, 2014, rulings on his allegations of ineffective assistance. Following the dictates found in *Boyd* and *Wilkins*, we must not, in the interest of justice, judicial expedience, and cost, read Battles' notice of appeal too technically. Yet, Battles' notice of appeal is devoid of any reference to the district court's June 25, 2014, oral ruling.

This is important because Battles is asking us to review posttrial allegations of ineffective assistance of counsel raised for the first time in a pro se motion and amended motion for a new trial. Thus, before determining whether Battles' notice of appeal is sufficient to give this court jurisdiction over the district court's June 25, 2014, oral ruling, we must first clarify the district court's jurisdiction to consider these allegations in Battles' posttrial motions. If the district court lacks jurisdiction to enter an order, an

6

appellate court does not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

Under K.S.A. 2015 Supp. 22-3501(1), a criminal defendant has 14 days after the verdict to file a motion for a new trial on any other grounds other than newly discovered evidence. A district court may extend the deadline within that 14-day period. However, the time limit set out in K.S.A. 2015 Supp. 22-3501 is mandatory, not discretionary. *State v. Holt*, 298 Kan. 469, Syl. ¶ 5, 313 P.3d 826 (2013).

Here, the verdict was delivered on April 8, 2014. Nine days later, on April 17, 2014, Battles' trial counsel filed a motion for a new trial on Battles' behalf. Although timely filed, this first motion did not raise an issue related to trial counsel's performance. On April 23, 2014—15 days after the verdict—Battles filed a pro se motion claiming ineffective assistance of counsel. Other than requesting a "direct appeal to the district court," Battles cited no statutory authority for filing his motion.

Then, on April 30, 2014, new counsel entered an appearance for Battles, and the district court granted a 10-day extension for him to amend or file a motion for a new trial. On May 7, 2014, Battles' new counsel filed an amended motion for a new trial, claiming that jurors had been sleeping during trial, Battles' right to testify was impeded by both trial counsel and the district court, and trial counsel was ineffective.

Battles did not identify this issue or the district court's order entered on June 25, 2014, in his notice of appeal. Battles is asking this court to consider a ruling entered in the same case on a different date than the order specified in the notice of appeal. We find *State v. Wilburn*, 50 Kan. App. 2d 663, 332 P.3d 199 (2014), instructive. In that case, the panel found a notice of appeal which appealed an order of the district court on a specific date was too precise for an appellate court to consider a different ruling made by another judge on a different date in the same case. 50 Kan. App. 2d at 674-75. Thus, even if this

court liberally construed Battles' notice of appeal, we do not have jurisdiction over Battles' argument that his trial counsel provided ineffective assistance and that claim is dismissed.

*There is sufficient evidence to support a conviction.*

When the sufficiency of evidence is challenged in a criminal case, we must examine the evidence in the light most favoring the State. In doing so, the appellate court generally will not reweigh the evidence nor assess the credibility of witnesses. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). Furthermore, there is no distinction between direct and circumstantial evidence in terms of probative value. *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). A verdict may be supported by circumstantial evidence if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. Moreover, the circumstantial evidence need not exclude every other reasonable conclusion or inference to support a conviction. *State v. Scaife*, 286 Kan. 614, 618-19, 186 P.3d 755 (2008).

The jury found Battles guilty of attempted kidnapping. The crime of attempt is defined as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 2015 Supp. 21-5301(a). Kidnapping is defined as follows:

> "(a) Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:
> (1) For ransom, or as a shield or hostage;
> (2) to facilitate flight or the commission of any crime;
> (3) to inflict bodily injury or to terrorize the victim or another; or
> (4) to interfere with the performance of any governmental or political function."
> K.S.A. 2015 Supp. 21-5408.

We are concerned here with the intent to accomplish the third objective. The jury was instructed that it had to find Battles performed an overt act in an attempt to take or confine H.B. by force "with the intent to hold H.B. to inflict bodily injury on or to terrorize H.B." See K.S.A. 2015 Supp. 21-5408(a)(3). It is this element on which Battles asserts the evidence against him comes up short.

Battles argues that the State failed to present sufficient evidence of his intent to kidnap H.B. because "[h]e did not threaten her. He did not lift her off the ground. He did not attempt to drag her anywhere. When he fled, he did not run to a car, in which he would have taken H.B. away." However, Battles' only argument in support of his claim goes to the question whether an attempt at taking or confining H.B. had occurred, not whether he intended to commit bodily harm or terrorize H.B.

The taking or confining element of the kidnapping statute does not require evidence of both force *and* threats to accomplish this goal. See K.S.A. 2015 Supp. 21-5408. This conclusion is properly reflected in the jury instruction explaining the elements of the completed crime of kidnapping to the jury as only requiring a finding that Battles "took or confined H.B. *by force*." (Emphasis added.) Battles does not dispute that the alleged overt act of placing his forearm around H.B.'s throat and choking her can be construed as one of the prescribed means, *i.e.*, the use of force, toward the commission of kidnapping. Battles' argument that he did not lift H.B. off the ground or attempt to drag her away to a waiting car fails to acknowledge that H.B. was able to escape before he was able to get her under his control. Only once sufficient control is exerted over a victim is the taking or confining element met. See *State v. Pham*, 281 Kan. 1227, 1264, 136 P.3d 919 (2006) (quoting *State v. Jackson*, 238 Kan. 793, 802, 714 P.2d 1368, *cert. denied* 479 U.S. 821 [1986]). Hence, the charge of *attempted* kidnapping makes sense in this case.

Even so, the kidnapping statute requires no particular distance of removal, nor any particular time or place of confinement. Instead, "it is still the fact, not the distance, of a

9

taking (or the fact, not the time or place, of confinement) that supplies a necessary element of kidnapping." *State v. Buggs*, 219 Kan. 203, 214, 547 P.2d 720 (1976). In our view, the evidence was sufficient to establish Battles performed an overt act in an attempt to exert sufficient control over H.B. for there to be a "taking or confining" as required by the attempted kidnapping statutes, K.S.A. 2015 Supp. 21-5301(a) and K.S.A. 2015 Supp. 21-5408.

Turning to the evidence supporting the intent element of the statute, the State contends:  "[T]he jurors could and did reasonably infer that a stranger who approaches an 8 year old girl from behind and puts her in a choke hold is attempting to kidnap her." Indeed, proof of specific intent generally depends on circumstantial evidence. See *State v. Hurd*, 298 Kan. 555, 567-68, 316 P.3d 696 (2013). As the Kansas Supreme Court noted in *State v. Griffin*, 279 Kan. 634, 638, 112 P.3d 862 (2005), "[i]ntent, a state of mind existing at the time an offense is committed, does not need to be and rarely can be directly proven. It may be established by acts, circumstances, and inferences reasonably deducible from the evidence of acts and circumstances." In fact, a conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Dixon*, 279 Kan. 563, 621, 112 P.3d 883 (2005).

Here, in the absence of proof of some other intent, or an explanation why Battles attempted to use force to take or confine H.B., it may reasonably be inferred that Battles' overt act of choking H.B. from behind conveyed an intent to commit a kidnapping, or to "hold H.B. to inflict bodily injury on or to terrorize H.B." See K.S.A. 2015 Supp. 21-5408(a)(3). The jury heard evidence that H.B. expressed such a fear to the detective and, in considering such evidence, rejected the lesser included offense of criminal restraint. Viewing the evidence in a light most favorable to the State, a rational factfinder could find Battles guilty beyond a reasonable doubt of attempted kidnapping.

*We reject Battles' argument concerning his criminal history.*

Battles complains that the district court violated *Apprendi*, 530 U.S. 466, when it enhanced his sentence based upon his criminal history without first requiring his prior convictions be alleged in the complaint and be proven beyond a reasonable doubt. Battles concedes that the Kansas Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

Our Supreme Court recently reaffirmed *Ivory* in *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Belone,* 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ____ (2015). Since there is no indication our Supreme Court is departing from *Ivory*, we are compelled to conclude that the district court did not violate *Apprendi* in sentencing Battles.

Battles' claim concerning ineffective assistance of counsel is dismissed. Battles' conviction and sentence for attempted kidnapping are affirmed.

Dismissed in part and affirmed in part.

11