NOT DESIGNATED FOR PUBLICATION

No. 115,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD E. JAMES, SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 14, 2017. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Ronald E. James, Sr., was charged with criminal damage to property, possession of drug paraphernalia, and two counts of possession of cocaine. At the preliminary hearing, James was bound over for trial on these charges. Two weeks later he moved to discharge his appointed counsel. The court granted his motion and permitted him to proceed pro se but with standby counsel.

Thereafter, James filed numerous motions, including a motion to dismiss his standby counsel, which the court denied. James also moved on four occasions to continue the trial. The court granted three trial continuances but denied a fourth continuance.

1

Shortly after his jury trial began, James and the State reached a plea agreement pursuant to which James pled guilty to misdemeanor criminal damage to property and two misdemeanor counts of possession of a simulated controlled substance. The court accepted his pleas, found him guilty, and placed him on probation for 18 months with an underlying term of 30 months in jail.

Two weeks after sentencing, James filed two motions: a "motion to withdraw plea" and a "motion for appeal," which was essentially identical to his motion to withdraw his plea."

The court scheduled a hearing on James' motion to withdraw his plea. About a week before the hearing, James requested a continuance due to a scheduling conflict, which the court granted. About 3 1/2 hours before the rescheduled hearing was to commence, James notified the court that he had another conflict and would be unavailable for the hearing. The district court denied a second continuance, finding the "irresponsible last-minute notice . . . [was] unacceptable" and denied James' motion to withdraw his plea. This appeal followed.

James claims on appeal that the district court erred in denying his motion to withdraw his plea. As a preliminary matter, we must determine whether James' motion for appeal was an effective notice of appeal. We have unlimited review over this jurisdictional issue. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013).

The right to appeal is statutory and not constitutional. Thus, an appellate court has jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner provided by the applicable statutes. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 269 (2008). An appellate court has the duty to question jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed. *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

2

James contends that his motion to appeal was an effective albeit premature notice of appeal that was dormant until the district court ruled on his motion to withdraw his plea. He argues that at that point, it became effective.

Kansas Supreme Court Rule 2.03 (2017 Kan. S. Ct. R. 14-15) allows a premature notice of appeal which is "filed after a judge of the district court announces a judgment to be entered, but before the actual entry of judgment." But Rule 2.03 does not provide for a notice of appeal filed before the judgment is rendered. One can hardly claim the district court erred in a ruling it has not even made. Here, James filed his notice of appeal at the same time he filed his motion to withdraw his plea, obviously *before* the district court ruled on his motion.

Besides, James' motion for appeal does not identify any adverse ruling he is appealing, nor does it identify the appellate court to which he is appealing. It simply restates the contentions contained in his motion to withdraw his plea. In fact, the relief he seeks in this motion is as follows: "Therefore, I'm respectfully requesting that the court hear my motion I filed and for me to go before the court." The court he is referring to apparently is the district court, not an appellate court. There is no way this document could be construed in any way so as to constitute a notice of appeal. In *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014), the Supreme Court explained that there is a substantive minimum for a notice of appeal:

> "K.S.A. 201[6] Supp. 60-2103(b) provides that '[t]he notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.' We liberally construe K.S.A. 60-2103(b) "'to assure justice in every proceeding,'" [citations omitted]; but there is still a substantive minimum below which a notice cannot fall and still support jurisdiction. See, *e.g.*, *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) . . . ."

"In other words, an appellate court will not rewrite a notice of appeal for the defendant." *State v. Walker*, 50 Kan. App. 2d 900, 904, 334 P.3d 901 (2014), *rev. denied* 302 Kan. 1021 (2015).

We conclude that we have no effective notice of appeal before us in order to exercise jurisdiction over James' claims of error.

But even if we had jurisdiction, James' appeal would be fruitless because he would have to establish that the district court erroneously failed to find manifest injustice. At the time of the hearing, the court had before it only James' unverified motion which contained various unsupported factual assertions. James had the opportunity to appear at the hearing and present evidence to support these factual assertions and to establish manifest injustice, but he failed to appear and failed to sustain this burden. Thus, the district court properly denied relief.

Appeal dismissed.