NOT DESIGNATED FOR PUBLICATION

No. 117,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN DOUGLAS WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marion District Court; MICHAEL F. POWERS, judge. Opinion filed January 5, 2018. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Sean Douglas Wilson appeals his sentence in case 15CR255 and also argues the district court improperly sentenced him in two other misdemeanor cases. We granted Wilson's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed no response to Wilson's motion. After a review of the record, we dismiss Wilson's appeal for lack of jurisdiction.

In case 15CR255, Wilson pled no contest to one count of possession of methamphetamine in violation of K.S.A. 2015 Supp. 21-5706(a), a severity level 5 drug felony. At sentencing on January 23, 2017, the district court, without objection, determined Wilson's history score to be E and sentenced Wilson to 12 months' probation

1

with an underlying sentence of 20 months' imprisonment. This sentence was the presumptive sentence for Wilson's crime of conviction. See K.S.A. 2016 Supp. 21-6805(a).

The district court also sentenced Wilson at the same time in his two misdemeanor cases, 15CR183 and 16TR188. Although the State recommended that these two misdemeanor sentences run concurrently with Wilson's felony sentence in case 15CR255, the district court instead sentenced Wilson to a total of 15 days in jail on the misdemeanor cases and ran the sentences consecutive to the sentence in case 15CR255. Wilson timely appeals his sentence in case 15CR255, but, based on the record of appeal, we find he has not appealed his misdemeanor sentences.

Before us, Wilson argues the district court erred in sentencing him. However, Wilson received a presumptive sentence for his felony conviction, and, therefore, we are without jurisdiction to review this sentence. See K.S.A. 2016 Supp. 21-6820(c)(1) ("On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellant court shall not review: (1) Any sentence that is within the presumptive sentence for the crime.").

Further, although "generally, any ruling, decision, order, or judgment can be the subject of an appeal in any conviction," an appellant is still required to follow the procedural rules. *State v. Walker*, 50 Kan. App. 2d 900, 901, 334 P.3d 901 (2014); see K.S.A. 2016 Supp. 22-3601; K.S.A. 2016 Supp. 22-3602. The process by which an appellant, in the criminal or civil context, brings an appeal is governed by the Kansas Code of Civil Procedure and Supreme Court Rules. *Walker*, 50 Kan. App. 2d at 901 (stating K.S.A. [2016] Supp. 60-2103[b] explains how to appeal and exercise right to appeal granted in K.S.A. [2016] Supp. 22-3602). An appeal begins with the filing of a notice of appeal. K.S.A. 2016 Supp. 60-2103(b) provides: "*Notice of Appeal*. The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part

thereof appealed from, and shall name the appellate court to which the appeal is taken." Here, Wilson's notice of appeal does not designate that he is appealing any sentence from cases 15CR183 or 16TR188. The caption only includes case 15CR255. Thus, Wilson has only appealed from his sentence in 15CR255, and this court is without jurisdiction to review that sentence under K.S.A. 2016 Supp. 21-6820(c)(1).

Appeal dismissed.