No. 91,039

STATE OF KANSAS, *Appellee,* v. PAUL A. McCOIN, *Appellant.*

(101 P.3d 1204)

Opinion filed December 3, 2004.

*Randall L. Hodgkinson,* deputy appellate defender, argued the cause and was on the brief for appellant.

*Vernon E. Buck,* assistant county attorney, argued the cause for appellee.

The opinion of the court was delivered by

GERNON, J.: Paul A. McCoin pled no contest to one count of attempting to manufacture methamphetamine in violation of K.S.A. 65-4159, a severity level 1 felony. In return for McCoin's

plea, the State dismissed charges for one count of conspiracy to manufacture methamphetamine, one count of felony possession of drug paraphernalia, one count of possession of methamphetamine, and one count of misdemeanor possession of drug paraphernalia. With a criminal history score of C, McCoin's presumptive sentencing range was from 169 to 187 months in prison. McCoin filed a motion for a downward durational departure to 48 months in prison. In accordance with the plea agreement, the State stipulated to McCoin's motion, and the district court accepted the plea agreement, sentencing McCoin to 48 months in prison.

McCoin was orally sentenced on May 11, 2001. He was advised at sentencing that he had the right to appeal. However, McCoin did not file a notice of appeal at that time.

On April 9, 2003, McCoin filed a pro se motion seeking an "order correcting the Journal Entry of conviction" and arguing that he should have been convicted of possession of drug paraphernalia rather than attempted manufacture of methamphetamine. On April 17, 2003, McCoin filed a motion for transcripts but did not request the appointment of counsel. On April 18, 2003, the district court treated McCoin's motion as a motion to arrest judgment and denied it.

On April 29, 2003, McCoin filed a notice of appeal referencing the district court's decision dated April 18, 2003, but referring to the decision as dismissing his motion to correct an illegal sentence. McCoin also filed a motion for the appointment of appellate counsel. The district court granted the motion to appoint appellate counsel.

With permission from the Court of Appeals, McCoin filed a docketing statement out of time on August 19, 2003. On November 10, 2003, McCoin filed a motion for summary disposition pursuant to Supreme Court Rule 7.041a (2003 Kan. Ct. R. Annot. 49), claiming that he received an illegal sentence because attempted manufacture of methamphetamine, a severity level 1 offense, is the same as possession of drug paraphernalia, a severity level 4 offense, and he should have been sentenced for the lower severity level offense. Based on this motion, McCoin advised the Court of Appeals that he did not believe it was necessary to brief the issue. The State

responded, stating that McCoin had not raised any sentencing issues with the district court and agreeing that the issue did not require briefing.

On February 11, 2004, McCoin filed another motion with the Court of Appeals requesting an order summarily reversing his sentence based on *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). In response, the State reiterated its claim that McCoin had never raised a sentencing issue before the district court. The State further argued that *McAdam* does not apply because *McAdam* cannot be applied retroactively and McCoin's sentence complied with a plea agreement.

Although the Court of Appeals denied McCoin's motion for summary reversal, it notified the parties that it would consider the applicability of *McAdam* without briefs. On March 24, 2004, the Court of Appeals held that *McAdam* could not be applied on collateral attack. *State v. McCoin*, 32 Kan. App. 2d 638, 641, 87 P.3d 325 (2004). We granted McCoin's petition for review.

The right to appeal is purely statutory. An appellate court has a duty to question jurisdiction on its own initiative. If the record demonstrates that there is no jurisdiction for the appeal, the appeal must be dismissed. *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001). The issue of appellate jurisdiction is a question of law over which this court has de novo review. *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003).

McCoin did not raise any sentencing issues in his motion before the district court. Rather, McCoin claimed that the charging document was fatally defective because he did not have all of the necessary ingredients for manufacturing methamphetamine and thus he should have been convicted of possession of drug paraphernalia. The district court treated McCoin's pro se motion as a motion to arrest judgment. K.S.A. 22-3502 requires that a motion to arrest judgment be filed within 10 days after a plea of no contest or within such further time as fixed by the district court within that 10-day period. McCoin entered his no contest plea on April 9, 2001. McCoin's pro se motion was filed on April 9, 2003, exactly 2 years after he entered his no contest plea. Accordingly, McCoin's motion to arrest judgment was untimely, and the district court did not have

jurisdiction to address the motion. If the district court's order was entered without jurisdiction, then an appellate court does not acquire jurisdiction on appeal. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

Even if McCoin's motion could be very liberally interpreted to raise a sentencing issue, we are still without jurisdiction to address the application of *McAdam* to McCoin's sentence. In *State v. Barnes*, 278 Kan. 121, 124, 92 P.3d 578 (2004), we held that a sentence for the violation of K.S.A. 65-4159(a), a severity level 1 felony, rather than K.S.A. 65-4161(a), a severity level 3 felony, is not an illegal sentence when the sentence conforms to K.S.A. 65-4159 in both character and duration.

Because McCoin's sentence is not illegal, the district court did not have jurisdiction to address his sentence. K.S.A. 22-3504 gives the court jurisdiction to correct an illegal sentence at any time. However, the district court does not have jurisdiction to modify a sentence if the sentence is not illegal. *State v. Miller*, 260 Kan. 892, 900, 926 P.2d 652 (1996). Likewise, an appellate court lacks jurisdiction on appeal. See *Stough*, 273 Kan. at 116.

McCoin failed to raise the sentencing issue in such a way as to invoke the district court's jurisdiction. He cannot circumvent the statutory limitations for appeals by filing untimely motions in the district court. The proper procedure for raising the application of *McAdam* to McCoin's sentence would be by filing a motion pursuant to K.S.A. 2003 Supp. 60-1507. McCoin did not file a 60-1507 motion.

Judgment of the Court of Appeals affirming the district court is vacated. The opinion in *State v. McCoin*, 32 Kan. App. 2d 638, 87 P.3d 325 (2004), is ordered withdrawn from publication. Judgment of the district court is vacated. The appeal is dismissed for lack of jurisdiction, and the case is remanded to the district court with directions to dismiss McCoin's motion for lack of jurisdiction.