(207 P.3d 1067)
No. 100,655

In the Matter of the Marriage of PAUL SARBJEET SANDHU, *Appellee*, and EMRINDER KAUR SANDHU, *Appellant*.

—

Opinion filed May 15, 2009.

*Richard A. Medley*, of Coffeyville, for appellant.

*Curt T. Schneider*, of Schneider Law Office, of Coffeyville, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

GREEN, J.: Emrinder Kaur Sandhu, a native of India, married Paul Sarbjeet Sandhu, a United States citizen, in November 2005, in Ludhiana, Punjab, India. To secure Emrinder's entry into this country, Paul signed a federal affidavit of support. In the affidavit, Paul agreed to support Emrinder at or above 125 per cent of the federal poverty level annual guidelines unless a terminating event occurred during the period in which the affidavit was enforceable. Paul later petitioned for an annulment or a divorce. The trial court granted an annulment and determined that neither party was entitled to maintenance. On appeal, Emrinder contends that the trial court erred in failing to enforce the contract by failing to award maintenance. In addition, Emrinder asserts that she is entitled to an award of attorney fees. We disagree. Accordingly, we affirm.

Paul executed a federal affidavit of support, Form I-864, in which he agreed, *inter alia*, to support Emrinder at or above 125 percent of the federal poverty line until the occurrence of a qualifying terminating event.

In July 2007, Paul petitioned for an annulment or a divorce. Emrinder answered, alleging that she was entitled to "maintenance and attorney fees, along with various other benefits contractually promised to her by Petitioner." The trial court granted an annulment to the parties in March 2008, and took issues relating to support under advisement.

In response to Emrinder's request for maintenance and fees, Paul argued that the trial court lacked jurisdiction to enforce the affidavit of support because the issue involved an interpretation of federal law.

Following a hearing on the matter, the trial court determined that maintenance was not appropriate for either party and that both parties were responsible for their own attorney fees. With respect to the affidavit of support, the court found that it was unnecessary

to reach the issue of jurisdiction because Emrinder was earning $316 per week when the case was heard. This amount was over 150 percent of the 2008 United States poverty level guidelines. Therefore, the court found that Emrinder had no cause of action against Paul for violation of the contractual terms of the affidavit of support. Further, the court stated:

"Without ruling on the jurisdictional issue, it would seem to the Court that the language of the Affidavit of Support, I-864, wherein the sponsor agrees to submit to the personal jurisdiction of any federal or state court would apply only if that court were to have subject matter jurisdiction of the lawsuit against the sponsor to enforce obligations under form I-864 and that the Kansas District Courts would not likely have subject matter jurisdiction over the interpretation and enforcement of United States statutory family-sponsored immigration laws."

*Did the Trial Court Err in Denying Emrinder's Motion for Maintenance?*

Emrinder alleges that the trial court erred in denying her motion for maintenance. Specifically, she contends that Paul is bound by the terms of the federal affidavit of support.

As a preliminary matter, Paul contends that the trial court lacked jurisdiction over issues relating to the federal affidavit of support because it lacked subject matter jurisdiction to interpret and apply federal immigration law. As stated previously, the trial court did not rule on the jurisdictional issue but noted that it may not be the appropriate venue for the case.

The trial court, however, incorrectly addressed the merits of the case before deciding whether it had jurisdiction to decide the particular matter. If the trial court lacked subject matter jurisdiction, it had no authority to reach the merits of the case and the court would have been required to dismiss the case for lack of jurisdiction. Further, if a trial court lacks jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). As a result, it is of paramount importance for us to determine whether the trial court had been invested with authority to handle the maintenance issue under the federal affidavit of support.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 774, 148 P.3d 538 (2006). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on an appellate court's own motion. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007).

While there are no Kansas cases on point, the issue of state court jurisdiction over the Form I-864 affidavit of support was recently addressed by the Sixth Circuit Court of Appeals. In *Davis v. United States*, 499 F.3d 590 (6th Cir. 2007), the husband executed an affidavit of support and 1 year later he filed for divorce. The divorce court ordered the husband to support the wife for 8 years without specifically enforcing the affidavit of support. The wife appealed, and the Ohio Court of Appeals ordered the divorce court to enforce the affidavit of support. 499 F.3d at 592. The husband then filed suit in federal court to clarify his obligation under the affidavit of support; the district court dismissed the case for lack of subject matter jurisdiction. On appeal to the Sixth Circuit, the husband argued that there was subject matter jurisdiction because his claim relating to the affidavit of support arose under federal law. 499 F.3d at 592-93. In affirming that there was no subject matter jurisdiction over the cause of action related to the affidavit of support, the Sixth Circuit stated:

"Moreover, § 1183a authorizes exactly the kind of support order that the Ohio court issued in this case as a means of enforcing the Affidavit of Support. 'Remedies available to enforce an affidavit of support . . . include an order for specific performance . . . and include corresponding remedies available under State law.' 8 U.S.C. § 1183a(c). Specific performance of the Affidavit as ordered by the Ohio Court of Appeals is thus explicitly permitted under the statute. We therefore conclude that the district court did not err when it dismissed Davis's complaint for the lack of subject matter jurisdiction." 499 F.3d at 594-95.

Other cases that have addressed the enforceability of the affidavit of support by the sponsored immigrant have determined it is "a legally enforceable contract and that the sponsored immigrant 'has independent standing to enforce the sponsor's obligation' in any federal or state court. [Citations omitted.]" *Moody v. Sorokina*, 40 A.D.3d 14, 18-19, 830 N.Y.S.2d 399 (2007).

As a result, we determine that the trial court had subject matter jurisdiction over issues relating to the affidavit of support. Although the court erred in failing to first address the jurisdiction issue, the error was harmless because the court ultimately reached the merits of the case.

Turning to the merits of Emrinder's argument, we note that the express terms of Form I-864 state that by signing the form, the sponsor is obligated to provide the sponsored immigrant with whatever support is necessary to maintain the sponsored immigrant at an annual income level that is at least 125 per cent of the federal poverty level annual guideline. By signing a Form I-864 the "sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A) (2002).

"The sponsor's obligation under Form I-864 terminates only if one of five conditions is met: (1) the sponsor dies, (2) the sponsored immigrant dies, (3) the sponsored immigrant becomes a U.S. citizen, (4) the sponsored immigrant permanently departs the U.S., or (5) the sponsored immigrant is credited with 40 qualifying quarters of work. See 8 U.S.C. § 1183a(a)(2). Divorce is not a condition under which the sponsor's obligations under Form I-864 can be terminated. [Citation omitted.]" *Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1024 (2008).

In the present case, the trial court determined that Emrinder was earning an income of $316 per week when the March 2008 hearing was held. The court further determined that this amount, whether it was gross or net income, exceeded 150 percent of the federal poverty level annual guidelines. On appeal, Emrinder does not challenge this finding; rather, she contends that none of the five circumstances terminating support have been met, and therefore, Paul is still liable under the affidavit of support.

"Determinations of fact not appealed from are final and conclusive. [Citation omitted.]" *In re Adoption of B.G.J.*, 281 Kan. 552, 564, 133 P.3d 1 (2006). In general, a litigant must object to inadequate findings of fact and conclusions of law before the trial court to preserve the issue for appeal. This provides the trial court with an opportunity to correct the findings and conclusions. Where no objection is made, an appellate court presumes the trial court

found all facts necessary to support its judgment. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006).

Here, the record lacks a hearing transcript or any other documentation that indicates how the trial court determined that Emrinder's income exceeded 150 percent of the federal poverty level annual guidelines, nor is there any suggestion that Emrinder objected to or otherwise challenged this determination. While Emrinder is correct that Paul is still bound by the terms of the federal affidavit of support, she did not allege and did not show that her income was below 125 percent of the federal poverty level annual guidelines when the hearing was held. Only then would she be entitled to Paul's support.

"An appellant has the burden to designate a record sufficient to establish the claimed error; without such a record, the claim of error fails. [Citation omitted.]" *City of Mission Hills v. Sexton*, 284 Kan. 414, 435, 160 P.3d 812 (2007). In the absence of any objection to the trial court's income determination, we must presume that the trial court found all facts necessary to support its judgment. Therefore, Emrinder's claim of error must fail.

Affirmed.