NOT DESIGNATED FOR PUBLICATION

No. 113,178
No. 113,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK A. FRALEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 10, 2016. Affirmed.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Mark A. Fraley*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam*:  This appeal brings us the latest chapters in Mark A. Fraley's continuing efforts to escape convictions and sentences for an attack on his then-estranged wife 15 years ago. Fraley has presented one challenge as a motion to arrest the judgment in the long concluded criminal case and the other challenge as a motion to correct an illegal sentence based on the Kansas Supreme Court's now-inert decision in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order*

1

September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In separate rulings, the Sedgwick County District Court denied those motions, and Fraley has appealed. We have consolidated the appeals and now affirm the district court.

In late 2001, Fraley and his wife had separated and were in the process of divorcing. She obtained a protection from abuse order precluding Fraley from entering their home. Despite the order, Fraley broke in and sexually assaulted his wife. A jury convicted Fraley of aggravated burglary and rape about 7 months later, and the district court sentenced him to 272 months in prison. This court upheld the verdicts and the sentence on direct appeal. *State v. Fraley*, No. 89,392, 2004 WL 1443894, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 849 (2004).

Fraley has since filed an unsuccessful habeas corpus attack on the judgment under K.S.A. 60-1507. *Fraley v. State*, No. 104,227, 2011 WL 3795474 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1105 (2012). During the habeas corpus proceeding, Fraley filed a pro se motion in the criminal case asking the district court to approve funds for him to hire an investigator. The district court denied the motion, and this court affirmed that ruling. *State v. Fraley*, No. 105,823, 2012 WL 2326006, at *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1132 (2013).

In May 2014, Fraley filed a motion to correct an illegal sentence, as permitted in K.S.A. 22-3504, arguing that the district court overstated his criminal history. Fraley based his argument on an extension of the *Murdock* decision to suggest a past felony conviction should have been treated as a nonperson offense for criminal history purposes. The *Murdock* decision provided the essential legal foundation for Fraley's argument. The Kansas Supreme Court, however, overruled *Murdock* in *Keel*, 302 Kan. 560, Syl. ¶ 9. The *Keel* decision turned the foundation for Fraley's argument to dust. And without that foundation, his argument cannot prevail. (We question whether Fraley's position reflected

2

a legitimate extrapolation of *Murdock* in any event. But we needn't plumb the issue more deeply.) On that point, we, therefore, affirm the district court's denial of Fraley's motion to correct an illegal sentence.

Apart from the substantive issue, Fraley also argues the district court procedurally erred in denying the motion to correct an illegal sentence without conducting a hearing at which he personally was present. The Kansas Supreme Court has held that a district court need not hold a hearing if a motion to correct an illegal sentence is obviously without merit. See *State v. Conley*, 287 Kan. 696, 703, 197 P.3d 837 (2008); *State v. Edwards*, 281 Kan. 1334, 1342-43, 135 P.3d 1251 (2006). This is such a case.

In July 2014, Fraley drafted and filed a motion in the criminal case to arrest the judgment of conviction. As provided in K.S.A. 2015 Supp. 22-3502, a criminal defendant may file such a motion within 14 days of the guilty verdict or within such additional time as the district court may allow by order filed within that 14-day period. Fraley's motion missed the statutory deadline by about 12 years. Expiration of the filing deadline in K.S.A. 2015 Supp. 22-3502 interposes a jurisdictional bar to the district court's consideration of an untimely motion. See *State v. McCoin*, 278 Kan. 465, 467-68, 101 P.3d 1204 (2004); *State v. Adams*, No. 110,218, 2014 WL 3907102, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (July 27, 2015). The district court lacked jurisdiction to rule on the motion. In turn, we have no jurisdiction to review the issue on appeal. *McCoin*, 278 Kan. at 468; see *Ryser v. State*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

On appeal, Fraley's lawyer argues we should consider the motion as another one for habeas corpus relief under K.S.A. 60-1507—something the district court did not do. But the motion would then be both untimely and successive. Typically, a convicted criminal must bring all of his or her collateral constitutional challenges to a conviction in a single 60-1507 motion filed within a year of the final disposition of the criminal case.

3

See K.S.A. 60-1507(c), (f). A court may consider a serially or late filed 60-1507 motion to prevent manifest injustice. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). In the interest of fairness, we indulge the argument and have reviewed Fraley's motion to arrest judgment as if it were a 60-1507 motion. The somewhat discursive assertions appear to simply repackage what Fraley presented in his initial 60-1507 motion. We find nothing warranting relief let alone tilting toward manifest injustice. No remand is required, since an appellate court can assess a 60-1507 motion on the papers without deference to any district court ruling. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

When the lawyer handling this appeal for Fraley did not file a reply brief, Fraley filed a motion requesting leave to submit one himself. This court granted the request. Fraley drafted and presented a reply.

An appellant may not raise new issues in a reply brief. *State v. McCullough*, 293 Kan. 970, 984-85, 270 P.3d 1142 (2012). The purpose of the brief is to offer a pertinent rebuttal to an appellee's arguments. 293 Kan. at 984-85. Fraley gets no dispensation from that rule because he wrote his own reply brief. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

The only issue Fraley raises that is even arguably appropriate for a reply brief is a challenge to the timeliness of the State's brief. The State presented its brief to the Clerk of the Appellate Courts after its last continuance had expired and simultaneously filed a motion to allow the brief out of time. This court granted the motion and directed the State's brief be received and filed. In light of that order, Fraley's argument necessarily fails.

We have carefully reviewed the remainder of Fraley's reply and find nothing that could even be remotely characterized as fair rebuttal. Rather, Fraley raises additional

4

arguments about the substantive fairness of his trial and the legal propriety of his sentence. Those points are procedurally inappropriate and, in any event, appear to lack substantive merit. Having reviewed them, we find no reason to discuss them further or to extend any relief to Fraley based on them.

Affirmed.