NOT DESIGNATED FOR PUBLICATION

No. 116,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VINCENT E. JEFFERSON,
*Appellant*,

v.

JAMES HEIMGARTNER, *et al*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed June 9, 2017. Affirmed.

*Donald E. Anderson, II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Jon D. Graves*, legal counsel, of Hutchinson, for appellees.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Vincent E. Jefferson appeals the district court's summary dismissal of his petition for writ of habeas corpus pursuant to K.S.A. 2016 Supp. 60-1501. Finding the district court correctly found it lacked jurisdiction, we affirm the dismissal.

*Factual and procedural background*

In his underlying criminal case, Jefferson pled guilty to aggravated burglary and was sentenced based on a criminal history score of B. In his direct appeal, he challenged the classification of two of his prior convictions as person crimes in light of *State v.*

1

*Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). We held that one of Jefferson's prior crimes had been incorrectly classified as a person felony. *State v. Jefferson*, No. 110,932, 2015 WL 1782599 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1016 (2015) (applying reasoning of *State v. Dickey*, 50 Kan. App. 2d 468, 474-75, 329 P.3d 1230 [2014], *aff'd* 301 Kan. 1018, 350 P.3d 1054 [2015]). Because that error impacted Jefferson's criminal history, we vacated his sentence and remanded to the district court for resentencing in accord with the correct criminal history. *Jefferson*, 2015 WL 1782599, at *4.

Our mandate issued November 17, 2015. At that time, Jefferson was in the custody of the Kansas Department of Corrections (KDOC), serving his original sentence after having had his probation revoked. On November 25, 2015, in accordance with the mandate, KDOC released him from custody. That same day, the Sedgwick County Sheriff arrested him and placed him in jail pending resentencing. On March 23, 2016, he was resentenced and returned to KDOC custody.

In May 2016, Jefferson brought a petition for habeas corpus pursuant to K.S.A. 2016 Supp. 60-1501, alleging that he was being held illegally because the Double Jeopardy Clause prohibited the State from returning him to KDOC after he had been ordered released. He also made a speedy trial argument based on K.S.A. 2016 Supp. 22-3402. The district court denied Jefferson's petition without a hearing. In its memorandum decision, the district court stated it likely did not have subject matter jurisdiction because Jefferson did not show he had exhausted his administrative remedies. The district court further concluded that Jefferson's claims regarding speedy trial and double jeopardy had no basis in law. On appeal, Jefferson concedes the speedy trial issue but presses his double jeopardy claim.

*Our prior ruling*

We first correct Jefferson's misunderstanding of the effect of our prior ruling and the mandate that issued. On direct appeal, we vacated his sentence but did not reverse his conviction. The mandate for his release was not a release from liability for the crime; it was only for release from KDOC custody. He was ordered released from prison because he was no longer under a prison sentence. But he was not entitled to outright release—he still stood convicted of a felony and was rightfully placed in the Sedgwick County Adult Detention Facility awaiting sentencing for his crime. He was then returned to prison to complete the corrected, presumably lower, sentence. He was not impermissibly incarcerated twice for the same crime. All of his time incarcerated under the original sentence, as well as the jail time awaiting sentencing and resentencing, counted toward serving the corrected sentence entered in 2016.

*Our jurisdiction*

We next address whether we have jurisdiction over this appeal. The question of jurisdiction is a question of law over which our scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). When the district court lacks jurisdiction, we do not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

To invoke the jurisdiction of the district court, an inmate in custody is required to exhaust available administrative remedies before bringing a habeas corpus action and to file proof with the habeas petition that the administrative remedies have been exhausted. K.S.A. 75-52,138; *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 17, 203 P.3d 1 (2008). The district court found that Jefferson failed to prove exhaustion of remedies.

Jefferson does not cite any evidence in the record to refute the district court's finding and makes no argument that an exception applies that would excuse his failure to exhaust administrative remedies. Jefferson merely references his petition, which claims that he sought administrative relief by corresponding with various prison and KDOC officials on multiple occasions but received no responses. This unsubstantiated claim fails to meet the requirements of K.S.A. 75-52,138 necessary to establish jurisdiction in the district court. Accordingly, the district court was required to dismiss Jefferson's petition for lack of jurisdiction. Moreover, Jefferson's brief does not raise any challenge to the district court's ruling on jurisdiction. We thus apply the general rule that an issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Because the district court lacked jurisdiction, we likewise have no jurisdiction. *McCoin*, 278 Kan. at 468.

*Jefferson's brief*

Finally, we acknowledge James Heimgartner's argument that Jefferson's brief fails to meet the requirements for appellate briefs. Supreme Court Rules 3.01, 3.02, and 6.02 governing appeals to this court require an appellant to designate a record sufficient to allow meaningful review, to cite the record to support his or her factual allegations, and to provide pinpoint references to where the issue was raised and ruled on by the district court. (2017 Kan. S. Ct. R. 19; 2017 Kan. S. Ct. R. 34.) Jefferson has not complied with these requirements.

Affirmed.