NOT DESIGNATED FOR PUBLICATION

Nos. 114,931
114,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARNEST E. WALKER, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT and STEPHEN J. TERNES, judges. Opinion filed 23, June 2017. Affirmed in part and dismissed in part.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*: Defendant Earnest E. Walker, Jr., appeals the revocation of his probation, the calculation of credit for jail time, and the denial of his motions to withdraw his pleas in two Sedgwick County District Court cases. This consolidated appeal presents a convoluted procedural record. But Walker's appeal provides no vehicle for relief in part because he has satisfied the sentences imposed and in part because the district court lacked jurisdiction to consider the withdrawal of the pleas. We, therefore, affirm in part and dismiss in part for the reasons we explain.

1

The factual circumstances underlying the criminal charges are largely irrelevant. In March 2014, Walker was involved in separate incidents resulting in his being charged in one case with felony fleeing or attempting to elude a law enforcement officer and two lesser traffic offenses and in a second case with felony theft for shoplifting from a home improvement supply store. Although the cases were never formally consolidated in the district court, they were handled in joint hearings.

Pursuant to an agreement with the State, Walker pleaded guilty to felony fleeing or attempting to elude and to felony theft in exchange for a sentencing recommendation that included probation. At the sentencing hearing in October 2014, the district court followed the agreement and imposed a sentence of 12 months in prison on the felony driving offense to be served consecutive to a 12-month prison sentence for the felony theft and placed Walker on probation in both cases for 12 months. Walker timely filed direct appeals in each of those cases.

While those appeals were pending, Walker repeatedly ran afoul of the conditions of his probation. The district court revoked and reinstated Walker's probation in December 2014 and March 2015, imposing sanctions and extending the probationary period each time. In July 2015, the district court again revoked Walker's probation, declined to reinstate probation, and ordered Walker to serve the underlying prison sentences in the cases. Walker timely filed notices of appeal of those rulings, but the appeals were not docketed in this court until December 2015.

In July and August 2015, Walker drafted and filed motions to withdraw his pleas, for a calculation of jail time credit, and to correct illegal sentences. The district court denied the motion to withdraw the pleas and to correct the illegal sentences on the grounds that it lacked jurisdiction in the face of Walker's ongoing direct appeals that he filed in October 2014. Walker filed pro se notices of appeal from those rulings. At the State's request, the district court continued Walker's jail time credit motion and denied it in late September. The record does not include a notice of appeal from that ruling.

2

In May 2016, Walker filed his opening brief in this case and challenged the revocation of his probation, his jail time credit, and the district court's denial of his motions to withdraw his pleas.

In September 2016, the State filed a notice with this court that Walker had served his entire sentence. See Kansas Supreme Court Rule 2.042 (2017 Kan. S. Ct. R. 18). Walker does not dispute the notice.

Walker concedes that his challenge to the computation of jail time credit is moot, since he has completed his sentence. Now, there is no sentence to be reduced by any additional jail time Walker might have been entitled to. This court has so recognized, and we agree. See *State v. Ramsey*, No. 111,163, 2015 WL 6444242, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1021 (2016). That part of Walker's appeal is dismissed as moot.

The State submits that Walker's challenge to his probation revocation is similarly moot because he has served his sentence. The Kansas Supreme Court has recognized that after a defendant has completed his or her sentence, any challenge to the revocation of probation resulting in the defendant's incarceration must be considered moot. *State v. Montgomery*, 295 Kan. 837, 838, 844, 286 P.3d 866 (2012). And this court has applied the rule in *Montgomery* as controlling authority. See, *e.g.*, *State v. Cotton*, No. 109,934, 2014 WL 4916447, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1013 (2015). We conclude that *Montgomery* governs here.

Walker contends the issue is not moot because he would have to obtain a court order holding the revocation to be legally improper to file a civil malpractice action against the lawyer who represented him. We presume Walker's premise to be correct—exoneration on the probation revocation would be a condition precedent to filing a malpractice claim. See *Garcia v. Bell*, 303 Kan. 560, 573, 363 P.3d 399 (2015); *Canaan*

3

*v. Bartee*, 276 Kan. 116, Syl. ¶ 2, 72 P.3d 911 (2003). But the abstract proposition that Walker conceivably might wish to file a malpractice action in the indeterminate future fails to keep his appeal from being moot. The prospect is entirely speculative and hypothetical, and that's not good enough. See *Montgomery*, 295 Kan. at 843 (noting that speculative consequences insufficient to prevent otherwise concluded legal dispute from being moot); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *3 (Kan. App. 2016) (unpublished opinion) (mere possibility defendant might sometime consider pursuing legal malpractice action too remote to keep challenge to sentence already served from being moot).

Walker has not outlined a colorable legal malpractice claim in his briefing to us. Nor has Walker sought leave to supplement or expand the record on appeal to show that he, in fact, has taken steps to pursue such a claim or that a lawyer has reviewed the circumstances and believes there may be a claim or would be willing to represent him. Walker's assertion is simply too indefinite to retrieve his challenge to the probation revocation from the realm of the moot.

Walker also argues that his probation revocation presents an issue of sufficient legal importance that we should consider it because it likely will recur in other cases but continue to evade appellate review. See *Montgomery*, 295 Kan. at 841. Walker contends the district court erred in believing it could revoke his probation without first imposing intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c) because his sentences were dispositional departures to probation. He contends the district court was both factually in error here and legally mistaken. But the district court also found that Walker's continued probation violations demonstrated he was not amenable to the rehabilitative opportunities probation offered and continuing him on probation had ceased to serve his welfare in trying to become law-abiding. That provides a wholly independent and legally adequate basis for requiring Walker to serve his underlying sentences. See 2016 Supp. K.S.A. 22-3716(c)(9). Although the district court's findings in that respect couldn't be described as thorough, they were adequate. Accordingly, the record in this case isn't well suited for

4

deciding the recurrent issue Walker posits, since a ruling on it would technically be dicta in light of the district court's alternative ground for revoking Walker's probation.

Taking account of the circumstances, we find Walker's appeal of his probation revocation to be moot, and we discern no reason for excusing it from the general rule calling for the dismissal of moot appeals.

Finally, Walker appeals the district court's ruling denying his motions to set aside his plea. Despite an odd procedural wrinkle, we conclude the district court correctly declined to act on the motions because it lacked jurisdiction. As we have already pointed out, Walker had filed and docketed appeals in both cases when he presented his motions to the district court. A district court loses jurisdiction in a case after an appeal has been docketed. *In re Care & Treatment of Emerson*, 306 Kan. ___, 392 P.3d 82, 85 (2017) (applying rule); *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014) (acknowledging rule); *State v. Dedman*, 230 Kan. 793, 796, 640 P.2d 1266 (1982). Applying that rule here, the district court lacked jurisdiction to consider the motions.

Walker contends the statute governing withdrawal of a plea carves out an exception to the jurisdictional rule, allowing a district court to consider such a motion notwithstanding an active appeal. But Walker can point to no language in K.S.A. 2016 Supp. 22-3210(d)(2), the subsection applicable to the withdrawal of pleas after sentencing, that excepts those motions from the general jurisdictional rule. The absence of an explicit exception indicates the legislature intended the courts to apply the customary statutes and rules governing appeals and jurisdiction.

Moreover, K.S.A. 2016 Supp. 22-3210(e)(1) permits a defendant to file a motion to withdraw a plea within 1 year after a final order disposing of a direct appeal in the case. That window of opportunity cuts against an implicit jurisdictional exception for a district court to rule on a motion to withdraw a plea during an appeal. A defendant plainly

5

can take up the issue after the appeal has concluded, obviating the need for the district court to act in the meantime.

Walker tries to bolster his position with cases in which neither the parties nor the courts addressed the jurisdictional issue in looking at motions to withdraw pleas while appeals were pending. But oversight in failing to recognize or resolve a jurisdictional problem is a far cry from precedent that no such problem exists. And inadvertent silence isn't the same as reasoned argument. So Walker's authority is neither authoritative nor persuasive. The court's analysis in *Fritz* at least signals a contrary view. *Fritz*, 299 Kan. at 155 ("Fritz may have been precluded from filing his motion to withdraw his plea while his conviction and sentence were on appeal.").

The procedural oddity arises because the jurisdictional bar—Walker's original appeals—no longer exists. Those appeals have been resolved adversely to him. We decline to wade into an academic discussion as to whether that invests this court with jurisdiction. *Cf. State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004) ("If the district court's order was entered without jurisdiction, then an appellate court does not acquire jurisdiction on appeal."). Rather, we affirm the district court's ruling that it lacked jurisdiction to decide Walker's motions.

The district court's jurisdictional ruling, however, did not resolve the substantive merits of those motions. Likewise, we have not addressed the merits. Nor could we on the present record. The *Fritz* case strongly suggests Walker may renew his motions, as provided in K.S.A. 2016 Supp. 22-3210(d)(2) and (e)(1), upon the conclusion of this appeal. *Fritz*, 299 Kan. at 155.

Affirmed in part and dismissed in part.