NOT DESIGNATED FOR PUBLICATION

No. 121,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINT E. WOODS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed July 31, 2020. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Atty at Law, LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Clint E. Woods—an inmate in the custody of the Kansas Department of Corrections—appeals the district court's summary dismissal of his second motion for habeas corpus relief pursuant to K.S.A. 60-1507. On appeal, Woods contends that the district court erred in summarily dismissing his motion and in failing to address the substantive arguments that he raised. Based on our review of the record, we conclude that Woods was not in custody in this case at the time he filed his motion. Moreover, we find it to be untimely. Thus, we affirm the district court's summary dismissal of Wood's K.S.A. 60-1507 motion.

1

On October 3, 1997, Woods—who was certified as an adult—was charged with two counts of aggravated criminal sodomy in Sedgwick County case No. 97 CR 1963. On December 8, 1997, he entered a *Brady* plea to the amended charge of aggravated indecent solicitation of a child. On January 6, 1998, the district court sentenced Woods to 19 months in prison, suspended to 24 months on probation. However, Woods' probation was subsequently revoked and he was ordered to serve his underlying prison sentence. He completed his sentence in the 1997 case on August 5, 2003.

On October 24, 2017—nearly 20 years after his conviction—Woods filed a K.S.A. 60-1507 motion in which he sought to withdraw his plea in the 1997 case. The motion was summarily dismissed by the district court and Woods did not appeal. Instead, Woods filed a second K.S.A. 60-1507 motion on April 19, 2018, which is the subject of this appeal.

The district court summarily dismissed Wood's second motion on May 29, 2018, concluding that the motion was untimely and that Woods had failed to demonstrate manifest injustice to justify the untimely filing. On November 8, 2018, the district court overruled a "Motion to Alter or Amend" and specifically found: "The Complaint is not defective. Defendant pled to an amended charge. The Sentence imposed is within the range provided in the Kansas Sentencing guidelines." Thereafter, Woods appealed to this court.

ANALYSIS

As a threshold matter, the State contends that the district court lacked jurisdiction to consider Woods' second K.S.A. 60-1507 motion because he was no longer in custody in the 1997 case that is the subject of his K.S.A. 60-1507 motion. As noted above, Woods

completed the sentence in that case in 2003. Although Woods is currently incarcerated, he is in prison serving a sentence in another criminal case that is not related to this appeal.

The language of K.S.A. 60-1507 governs jurisdiction over motions filed under its provisions. See Kan. Const. art. 3, § 6(b); see *Mundy v. State*, 307 Kan. 280, 286, 408 P.3d 965 (2018). The existence of jurisdiction is a question of law over which we exercise unlimited review. *State v. Marinelli*, 307 Kan. 768, 774, 415 P.3d 405 (2018). "If the district court's order was entered without jurisdiction, then an appellate court does not acquire jurisdiction on appeal." *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

K.S.A. 2019 Supp. 60-1507(a), which provides:

"A prisoner *in custody* under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.)

In other words, the relief available under K.S.A. 60-1507 is only available while a person is "in custody under sentence." *Mundy v. State*, 307 Kan. at 286. Further, "a prisoner's rights must be determined as of the date the 60-1507 motion is filed." *Mundy*, 307 Kan. at 287. Where a prisoner is no longer serving the sentence that he or she is attacking, K.S.A. 60-1507 relief is foreclosed. *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020).

3

Here, Woods does not contest that he had completed both the prison and probation components of his 1997 sentence many years before he filed either of his K.S.A. 60-1507 motions relating to that case. Rather, he contends that he was still in "custody" in the 1997 case because he has a continuing obligation to register as a sex offender under the Kansas Offender Registration Act (KORA) and because he still owed "restitution" when he filed his motion.

Contrary to Woods' contention, Kansas appellate courts have frequently held that the registration requirement under KORA is not a "punishment" or considered to be a part of a criminal defendant's sentence. See *State v. Thomas*, 307 Kan. 733, Syl. ¶ 1, 415 P.3d 430 (2018) (violent offender registration); *State v. N.R.*, 57 Kan. App. 2d 298, Syl. ¶¶ 3-4, 451 P.3d 877 (2019) (sexual offender registration). As this court has found, the registration requirement is intended as a civil regulatory scheme rather than as a punishment. 57 Kan. App. 2d at 308-09. As a result, Woods' ongoing duty to register as a sex offender cannot be considered custodial for purposes of establishing jurisdiction to consider his K.S.A. 60-1507 motion.

Woods also argues that he was in "custody" when he filed his K.S.A. 60-1507 motion because he was still required to make "restitution" payments. Although Woods was ordered to pay costs and fees as part of his sentence, we find that no order of restitution was entered in this case. See *State v. Gentry*, 310 Kan. 715, 738, 449 P.3d 429 (2019) (It is well-settled that "restitution and court costs are two different things."). Moreover, Woods has not cited any authority to establish that an obligation to pay court costs and fees is custodial for the purposes of establishing jurisdiction to hear a K.S.A. 60-1507 motion. See *City of Wellington v. Mendia*, No. 107,747, 2013 WL 1010585, at *2 (Kan. App. 2013) (unpublished opinion). As such, we do not find this argument to have merit.

Consequently, based on our review of the record on appeal, we find that Woods was not in custody under his 1997 sentence at the time he filed his K.S.A. 60-1507 motion, which is the subject of this appeal. As such, the relief he is requesting is foreclosed. Furthermore, even if he had still been in custody under his 1997 sentence, we find that the motion was untimely filed and has failed to establish manifest injustice to justify his belated filing. Likewise, Woods has not made a colorable clam of actual innocence. See K.S.A. 2019 Supp. 60-1507(f)(2)(A).

We, therefore, conclude that the district court did not err in summarily dismissing Wood's K.S.A. 60-1507 motion.

Affirmed.