NOT DESIGNATED FOR PUBLICATION

No. 126,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID VOGT,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; RHONDA K. MASON, judge. Submitted without oral argument. Opinion filed December 27, 2024. Appeal dismissed, and case remanded with directions.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellee.

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: The Kansas Department of Revenue (KDOR) appeals the district court's reversal of the agency's administrative suspension of David Vogt's commercial driver's license (CDL). The district court reasoned that a DUI diversion does not constitute a conviction as required to sustain the KDOR's action against Vogt's license. A necessary precursor to a valid judgment is subject matter jurisdiction. Following a thorough analysis of the law undergirding the commercial license suspension issue, we find that the KDOR's disqualification of Vogt's commercial driving privileges was not subject to review by the district court. See K.S.A. 8-259(a). Accordingly, the appeal is dismissed, and the case is remanded to the district court with directions to reverse the

1

district court's order granting Vogt's request for judicial review of his administrative suspension.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2021, Vogt was arrested for driving under the influence, and following that arrest, he timely requested an administrative hearing with the KDOR. The record on appeal does not contain any documentation generated by that proceeding, but the parties agree that no adverse action was taken against Vogt's CDL at that time. The City of Olathe later charged Vogt with DUI, and he entered into a diversion agreement that allowed for dismissal of the charge upon Vogt's successful completion of the terms set forth in that agreement. Shortly thereafter, the City of Olathe reported the diversion agreement to the KDOR which, in turn, suspended Vogt's CDL, citing K.S.A. 8-2,142(a)(2)(A), and notified him to that effect.

Vogt filed a petition in Johnson County District Court seeking judicial review of the administrative suspension order and a temporary stay of the same. In support of his request for relief, Vogt asserted that a diversion agreement did not constitute a conviction for purposes of K.S.A. 8-2,142 in the Uniform Commercial Driver's License Act. (UCDLA). The KDOR responded that its administrative suspension order should be upheld because a diversion qualifies as a conviction under the UCDLA.

The district court adopted Vogt's interpretation of the statute and reversed the KDOR's administrative suspension upon finding that "the [d]iversion entered into by Mr. Vogt does not meet the definition of 'Conviction' in K.S.A. 8-2,142." The district court granted the KDOR's motion for clarification and expounded upon the statutory analysis it relied on as a foundation for its decision. The district court also concluded that the failure to provide Vogt with advance notice concerning the adverse impact a diversion would have on his CDL compromised his constitutional right to procedural due process.

2

The KDOR now timely brings its case before our court for a determination of whether the district court erred in reversing the agency's administrative suspension of Vogt's commercial driving privileges.

LEGAL ANALYSIS

*The district court lacked subject matter jurisdiction to review the KDOR's administrative suspension order.*

*Standard of Review*

"Whether subject matter jurisdiction exists is a question of law over which we exercise unlimited review. [Citation omitted.]" *Towne v. Unified School District No. 259*, 318 Kan. 1, 3, 540 P.3d 1014 (2024). Whether appellate jurisdiction exists is likewise a question of law over which this court exercises unlimited review. *State v. McCroy*, 313 Kan. 531, 533, 486 P.3d 618 (2021). "Because subject matter jurisdiction is ordinarily conferred by statute, it should be noted that the interpretation of a statute is also a question of law subject to unlimited review. [Citation omitted.]" *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009).

*Subject Matter Jurisdiction*

Subject matter jurisdiction is what enables a court to hear and decide a particular type of action. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). Such power is conferred by both the Kansas Constitution and the Legislature through the statutory structure it enacts. *In re Marriage of Williams*, 307 Kan. 960, 967, 417 P.3d 1033 (2018); *Miller v. Glacier Development Co*., 293 Kan. 665, Syl. ¶ 1, 270 P.3d 1065 (2011) ("Subject matter jurisdiction is vested by statute."). A judgment rendered without subject matter jurisdiction is void, rendering the judgment a nullity that may be vacated at any time. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

3

This court has a duty to question jurisdiction on its own initiative. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018). If a district court lacked jurisdiction to enter the order appealed from, a reviewing court cannot acquire jurisdiction over the subject matter on appeal. Accordingly, when the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, Syl. ¶ 1, 284 P.3d 337 (2012).

Article 3 of the Kansas Constitution provides "district courts shall have such jurisdiction in their respective districts as may be provided by law." Kan. Const., art. 3, § 6(b); *Chalmers*, 314 Kan. at 7. K.S.A. 20-301, in turn, confers upon district courts "general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." See *Chalmers*, 314 Kan. 1, Syl. ¶ 2. Thus, the Legislature is free to create statutory limits on courts' subject matter jurisdiction. See *Kingsley*, 288 Kan. at 408-09 (looking to statutory language for limits on general jurisdiction of district courts).

In assessing the proper scope of jurisdiction for this matter we must adhere to the primary tenets of statutory interpretation, the most fundamental rule of which is that the intent of the Legislature controls when that intent is readily ascertainable. *In re M.M.*, 312 Kan. 872, 874, 482 P.3d 583 (2021). The starting point for determining that intent is the plain language of the statute, where we are required to give common words their ordinary meaning. When a statute is plain and its purpose clear, we should not speculate about the legislative intent behind that clear language or strive to create ambiguity where none otherwise exists. *Roe v. Phillips County Hospital*, 317 Kan. 1, 5, 522 P.3d 277 (2023). We must also refrain from reading something into the statute that is not readily found in its words and will only resort to the lenses of legislative history or canons of construction when the statute's language or text is ambiguous. *Wichita Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, 214, 50 P.3d 66 (2002).

4

Our research into the jurisdictional matter reveals that the Motor Vehicle Drivers Act provides one such source of legislatively established limitations on the district court's jurisdiction here. K.S.A. 8-259(a) states, in relevant part:

"*Except in the case of* mandatory revocation under K.S.A. 8-254 or 8-286, and amendments thereto, mandatory suspension for an alcohol or drug-related conviction under subsection (b) of K.S.A. 8-1014, and amendments thereto, mandatory suspension under K.S.A. 8-262, and amendments thereto, *or mandatory disqualification of the privilege to drive a commercial motor vehicle under subsection* (a)(1)(A), (a)(1)(B), (a)(1)(C), *(a)(2)(A)*, (a)(3)(A) or (a)(3)(B) *of K.S.A. 8-2,142*, and amendments thereto, the cancellation, suspension, revocation, disqualification or denial of a person's driving privileges by the division is subject to review." (Emphases added.)

Adhering to the plain meaning of the unambiguous language used in the provision makes clear that cases like Vogt's, where suspension of a CDL is by operation of K.S.A. 8-2,142(a)(2)(A), are excluded from judicial review.

A fair reading of the UCDLA discloses an additional statutory limitation on the district court's jurisdiction in this context. Specifically, the Legislature only enacted a pathway to judicial review for those instances when an individual whose commercial driving privileges were disqualified for life following their second or subsequent conviction of any offense specified within the statute, applies for restoration of their privileges upon the completion of 10 years of disqualification and their application is denied. See K.S.A. 8-2,142(d)(7). That is clearly not the type of case Vogt brought before the district court for consideration, and the UCDLA specifically does not allow for judicial review of other KDOR decisions concerning CDLs, including original suspension orders. The fact the Legislature enacted a provision which allowed judicial review for one KDOR action, which adversely impacted commercial driving privileges and not others, supports a conclusion that the limitation was intentional. See *Towne*, 318 Kan. at 9 ("[T]he maxim of *expressio unius est exclusio alterius*—i.e., the inclusion of

5

one thing implies the exclusion of another—demonstrates that this omission was intentional.").

The relevant governing statutory provisions fail to yield a mechanism by which Vogt could secure district court review of the administrative suspension of his commercial driving privileges. Again, if the district court's order was entered without jurisdiction, then an appellate court does not acquire jurisdiction on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). Given that we lack jurisdiction to consider Vogt's appeal, it must be dismissed.

The judgment of the district court is reversed. This appeal is dismissed for lack of jurisdiction, and the case is remanded to the district court with directions to dismiss Vogt's motion for judicial review for lack of jurisdiction.

Appeal dismissed, and case remanded with directions.