Brent A. COMBS, Cynthia D. Combs, and William "Chip" Wiman, a/k/a Committee for Recall, Plaintiffs–Appellees,

v.

Jennifer NOWAK, in her official capacity as City Clerk of the City of Central, a home rule municipal corporation; and the City Council of the City of Central, Defendants Appellants.

No. 01CA0661.

Colorado Court of Appeals, Div. III.

Jan. 31, 2002.

No Appearance for Plaintiffs–Appellees.

Charles C. Bonniwell, Denver, CO, for Defendants–Appellants.

Opinion by Judge NEY.

Defendants, Jennifer Nowak, in her official capacity as the City Clerk of the City of Central (city clerk), and the City Council of the City of Central (city council), appeal a trial court order and judgment regarding the sufficiency of recall petitions in the City of Central (Central City). Plaintiffs, Brent A. Combs, Cynthia D. Combs, and William "Chip" Wiman, a/k/a Committee for Recall (the recall committee), make no appearance. We reverse.

In July 2000, the recall committee submitted petitions for the recall of two aldermen and the mayor of Central City. A citizen filed a protest to the petitions, claiming that the recall committee failed to include a demand for "an election of the successor to the officer named in said petition," as required by article XXI, section 1 of the Colorado Constitution. *See also* § 31–4–502(1)(a), C.R.S.2001.

An independent hearing officer determined that the petitions were deficient because they did not contain such a demand. In response, the recall committee attached a statement to the front of each petition demanding an election of a successor to the offices. The city clerk then determined that the petitions were insufficient because the addition modified the original petitions after they were signed.

As a result, the recall committee filed this action. After briefing and oral arguments,

the trial court ruled that the hearing officer misconstrued or misapplied the law. The court ruled that the recall election procedures adopted by the city charter were "only those provisions of Article XXI of the Colorado Constitution that pertain to municipal elected officials, and not state officials." Because the court determined that section 1 of article XXI "only applies to officers of the state and does not apply to officials of a municipality," it found that the original petitions, without the statement, were sufficient.

Pursuant to the court's ruling, a recall election was held for one of the aldermen (the other alderman had previously declined to run for reelection) and the mayor. The voters who participated in the recall election declined to recall either the alderman or the mayor.

The city clerk and the city council brought this appeal challenging the trial court's ruling regarding the applicable recall election procedures.

## I.

As an initial matter, the city clerk and the city council assert that this court should decide the applicable procedure for recall even though the voters' rejection of the recall rendered the trial court's order moot. We agree, concluding that the case presents an issue that falls within exceptions to the mootness doctrine.

■ A matter is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. *People v. Espinoza*, 819 P.2d 1120 (Colo.App.1991). Because the recall election was unsuccessful, the case is moot because there would be no practical effect on this matter.

■ However, there are two recognized exceptions to the mootness doctrine. First, an otherwise moot issue may be addressed if it is capable of repetition, yet evading review. Second, a moot issue may be resolved if it involves a question of great public importance or an allegedly recurring constitutional violation. *Board of County Comm'rs v. Crystal Creek Homeowners' Ass'n*, 14 P.3d 325 (Colo.2000).

■ Here, the issue to be decided is the applicable recall election procedures for Central City. We conclude that this issue is capable of repetition, yet evading review, to the extent that it would not be reached in cases of unsuccessful recall elections.

Furthermore, although it might be reviewed in a future case where a recall election is successful, delaying such review would cause uncertainty regarding the composition of the city government. Thus, we conclude the matter also involves a question of great public importance to the citizens of Central City.

Therefore, we review the merits of this appeal because the issue presented here falls within recognized exceptions to the mootness doctrine. *See Carney v. Civil Service Comm'n*, 30 P.3d 861 (Colo.App.2001).

## II.

On appeal, the city clerk and the city council contend that the trial court erred in concluding that the requirements of section 1 of article XXI do not apply to petitions seeking elections for the recall of municipal officers. We agree.

Central City has not adopted procedures governing recall elections beyond those set forth in the city charter. The relevant city charter provision provides:

Any person holding elective office of the city may be recalled ... by the electors entitled to vote for a successor or such incumbent through the procedure and in the manner provided for in Article XXI of the Colorado Constitution *and* Part 5, Article 4, Title 31 of the Colorado Revised Statutes as now existing or hereafter amended or modified, except as otherwise provided by this Charter or ordinance. (emphasis added)

The trial court ruled that the procedures in section 1 of article XXI are applicable only to the recall of state officers, and not municipal officers. Thus, the court held that those constitutional procedures were not applicable here because the relevant city charter provision "intended to adopt only those provisions

of Article XXI ... that pertain to municipal elected officials and not state officials."

■ However, the procedure at issue here—that recall petitions contain a demand for the election of a successor to the officer— is also contained in § 31–4–501, et seq., C.R.S.2001, the statutory provisions incorporated by reference in the city charter. *See* § 31–4–502(1)(a). Thus, regardless of the applicability of section 1 of article XXI, the procedure at issue here is applicable to recall petitions in Central City under the express terms of the city charter incorporating § 31–4–502(1)(a).

Therefore, we conclude that the trial court erred when it ruled that this procedure was not applicable to the recall petitions in this matter.

Judgment reversed.

ROY and DAILEY, JJ., concur.