**COMCAST OF CALIFORNIA/COLORA-DO, L.L.C., Plaintiff–Appellant,**

v.

**EXPRESS CONCRETE, INC., Defendant–Appellee.**

No. 05CA2450.

Colorado Court of Appeals, Div. I.

Dec. 27, 2007.

Certiorari Dismissed March 24, 2008.

Brian DeBauche & Associates, L.L.C., Brian DeBauche, Denver, Colorado, for Plaintiff-Appellant.

Weaver & Schriefer, LLC, L. Allen Weaver, Fort Collins, Colorado, for Defendant-Appellee.

Opinion by Judge MÁRQUEZ.

In this action under Colorado's Excavation Requirements Statute (ERS), sections 9–1.5–101 to –107, C.R.S.2007, against defendant, Express Concrete Inc., plaintiff, Comcast of California/Colorado, L.L.C., appeals from the trial court's judgment. The trial court (1) held it would not assess a civil penalty under the ERS, (2) found both parties negligently contributed to cause damage to Comcast's cable and conduit and found against each party in its claim for damages, and (3) found for Comcast on the counterclaim brought by defendant and ordered each party to pay its own costs and attorney fees related to this matter. We affirm in part, reverse in part, and remand with instructions.

In 2001 and 2002, the City of Fort Collins, as part of a street widening project, improved certain sidewalks. After defendant installed a new sidewalk along a portion of Taft Hill Road, Comcast installed a cable under portions of this sidewalk.

In August 2002, defendant began excavating to replace a portion of the previously installed sidewalk. Upon breaking up the sidewalk with a forklift, defendant's employee snagged Comcast's cable and damaged it. Immediately after the damage was detected, the employee contacted a city inspector who was on site. Defendant allowed Comcast to repair the damaged cable, and then defendant resumed its work on the sidewalk.

Seven days after the incident, Comcast sent defendant an invoice for $7,963.77, including the cost of repair to the cable plus a civil penalty of $5,000. When defendant refused to pay the invoice, Comcast filed suit to recover damages and the civil penalty. Defendant filed a counterclaim for the lost profits and expenses it incurred by having to stop work while Comcast repaired the cable.

Following a bench trial, the trial court determined that the provisions of the ERS applied, that defendant was "excavating" as defined by the ERS, and that defendant violated the ERS by failing to "request locates" from the notification association regarding the location of underground facilities prior to commencing excavation. The trial court found that this was defendant's first violation of this statute.

The trial court also found that Comcast was negligent in installing its own cable because the cable had not been buried at least twenty-four inches below the subgrade, the depth required by the Larimer County Urban Area Street Standards section 12:2.2. After finding both parties comparatively negligent, the trial court declined to award either party damages, costs, or attorney fees. In addition, the trial court refused to assess a civil penalty upon defendant after considering the factors in section 9–1.5–104.5(5), C.R.S.2007.

## I. Civil Penalty

Comcast contends that the trial court erred in failing to award a mandatory $5,000 civil penalty pursuant to ERS section 9–1.5–104.5, C.R.S.2007. We agree.

Statutory interpretation is a question of law we review de novo. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). When we interpret a statute, our task is to determine and give effect to the legislature's intent. *Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n*, 42 P.3d 23, 27 (Colo.2002). We first look to the language of the statute, giving words and phrases their plain and ordinary meaning, and we interpret the statute in a way that best effectuates the purpose of the legislative scheme. *Harding v. Heritage Health Prods. Co.*, 98 P.3d 945, 947 (Colo.App.2004). When a court construes a statute, it should read and consider the statute as a whole and

interpret it in a manner giving consistent, harmonious, and sensible effect to all its parts. *Colo. Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 212 (Colo.App.2007). In doing so, a court should not interpret the statute so as to render any part of it either meaningless or absurd. *Id.*

▮▮▮▮ If the statute is unambiguous, we look no further. *Bd. of County Comm'rs v. Costilla County Conservancy Dist.,* 88 P.3d 1188, 1193 (Colo.2004). If the language is ambiguous, however, we look to "legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme to ascertain the correct meaning of [the] statute." *Id.* (quoting *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002)). To the extent statutory provisions conflict, the specific prevails over the general. *Bd. of County Comm'rs v. Bainbridge, Inc.,* 929 P.2d 691, 698 (Colo.1996).

Section 9–1.5–104.5(2), C.R.S.2007, provides in pertinent part:

(a) Any person who intends to excavate shall notify the notification association pursuant to section 9–1.5–103 prior to commencing any excavation activity....

. . . .

(c)(I) If any person ... fails to comply with paragraph (a) of this subsection (2) and damages an underground facility during excavation, such person shall be liable for a civil penalty in the amount of five thousand dollars for the first offense and up to twenty-five thousand dollars for each subsequent offense within a twelve-month period after the first offense. Upon a first offense, such person shall be required to complete an excavation safety training program with the notification association.

Here, the trial court declined to impose a civil penalty pursuant to section 9–1.5–104.5 because it determined that the penalty was not mandatory and that it was to consider section 9–1.5–104.5(5), to impose a penalty in appropriate instances. Section 9–1.5–104.5(5) provides that

[i]n determining the liability for or the amount of any damages or civil penalty pursuant to this article, a court ... shall consider the nature, circumstances, and gravity of the alleged violation and the alleged violator's degree of culpability, history of prior violations, and level of cooperation with the requirements of this article.

Defendant urges us to accept the trial court's interpretation of the ERS. However, this interpretation would ignore other portions of the statute and would not provide consistent, harmonious, and sensible effect to all parts of the statute.

Section 9–1.5–101 states that the purpose of the article is to "prevent injury to persons and damage to property from accidents resulting from damage to underground facilities by excavation. This purpose shall be facilitated through the creation of a single statewide notification system," and through participation in the system, excavators will be able to "greatly reduce the likelihood of damage to any such underground facility."

▮▮▮ Section 9–1.5–104.5(2)(a) imposes a duty upon any person excavating to notify an owner, operator, or association of owners and operators having underground facilities in the area prior to excavation. *See State Dep't of Highways v. Mountain States Tel. & Tel. Co.,* 869 P.2d 1289, 1291 (Colo.1994) (ERS imposes a duty upon persons who are involved in excavations). Defendant conceded that it did not comply with that requirement.

▮▮▮ Next, section 9–1.5–104.5(2)(c)(I) mandates that if a person fails to comply with subsection (2)(a) and causes damage to an underground facility, the person, for the first offense, "shall be liable" for a civil penalty of $5,000 and shall be required to complete an excavation training program. *See Burns v. Bd. of Assessment Appeals,* 820 P.2d 1175, 1178 (Colo.App.1991) (use of word "shall" in legislative enactment presumed to have mandatory meaning). The language of this provision is specific and unambiguous. If it is a first offense, the initial penalty of $5,000 is mandatory. However, the statute provides the court a range of penalties for subsequent violations up to $25,000.

Because the General Assembly did not specify a minimum penalty for subsequent offenses, as it did for first offenses, we view the discretion given to the court in section 9–1.5–104.5(5) as applying only to subsequent

offenses. To allow a court to use its discretion in imposing the $5,000 penalty for a first offense would be contrary to the mandatory language of section 9–1.5–104.5(2)(c)(I).

■ Therefore, we conclude that the court did not have discretion to decline to impose the $5,000 penalty for defendant's first offense, and we must reverse and remand for assessment of the penalty.

## II. Comparative Negligence

However, we do not agree with Comcast's contention that in denying Comcast an award of damages, the trial court erred in finding that Comcast was comparatively negligent and in failing to make specific findings of fact concerning the degree of negligence of each party, and that the court's findings were not supported by the record.

### A. Comparative Negligence Applies

Comcast first contends that comparative negligence does not apply to this case. We disagree.

Here, defendant raised the defense of contributory negligence, and the ERS allows the court to consider the degree of culpability.

Pursuant to section 9–1.5–104.5(2)(d), C.R.S.2007,

> If any person ... fails to comply with paragraph (a) of this subsection (2) or fails to exercise reasonable care in excavating and damages an underground facility during an excavation, such person shall be presumably liable for:
>
> (I) Any cost or damage incurred by the owner or operator in restoring, repairing, or replacing its damaged underground facility, together with reasonable costs and expenses of suit, including reasonable attorney fees....

■ Reading the statute as a whole, we conclude sections 9–1.5–104.5(2)(d) and (5) give the court discretion to determine liability and the amount of any damages by allowing the court to consider factors such as the violator's degree of culpability. Therefore, in its judgment, the trial court correctly applied the principles of comparative negligence in determining damages. *See Lyons v. Nasby*, 770 P.2d 1250 (Colo.1989) (allowing comparative negligence as defense in case where statute prohibits selling of intoxicating beverages to those visibly intoxicated); *McCall v. Meyers*, 94 P.3d 1271 (Colo.App.2004) (applying comparative negligence in case where statute required drivers to yield right of way to disabled pedestrians).

### B. Degree of Negligence and Record Support

Comcast also contends that the trial court erred in not making specific findings of fact concerning the degree of negligence of each party and that the trial court's findings of comparative negligence were not supported by the record. We disagree.

Under Colorado's comparative negligence statute, "[c]ontributory negligence shall not bar recovery in any action ... if such negligence was not as great as the negligence of the person against whom recovery is sought." § 13–21–111(1), C.R.S.2007. "[A]ny damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made." *Id.* Section 13–21–111(2), C.R.S.2007, states the function of the finder of fact as follows:

> In any action to which subsection (1) of this section applies, the court, in a nonjury trial, shall make findings of fact ... which shall state:
>
> (a) The amount of the damages which would have been recoverable if there had been no contributory negligence; and
>
> (b) The degree of negligence of each party, expressed in a percentage.

However, here, failing to determine the degree of negligence of the parties may not be error if the trial court must have concluded that Comcast's negligence was equal to that of defendant. *Cf. Lonardo v. Litvak Meat Co.*, 676 P.2d 1229 (Colo.App.1983) (jury neither computed the amount of damages, nor allocated percentage of negligence).

■ In addition, the court's findings of comparative negligence were supported by the record. The court found that the initial project plans required Comcast to install the cable underneath the street rather than out-

side the right-of-way and on private property in certain areas along the 700–foot stretch of sidewalk. A witness for Comcast testified that the cable was installed under the sidewalk because of a lack of utility easement in the street. Because the cable was installed approximately two weeks prior to the incident in question, had defendant notified the notification association, it would have known where the cable was buried.

However, the court determined that the cable installation failed to comply with the applicable standards because the cable was not installed twenty-four inches below the scarified subgrade. Because the notification service does not provide depth readings, the trial court also found that had defendant notified the association, it would not have alerted defendant that the cable was unusually close to the subgrade surface. The trial court concluded that defendant's failure to obtain location information was not the sole cause of Comcast's damage; that Comcast was contributorily negligent; and that both parties' negligence resulted in the ultimate damage to the cable. Therefore, the trial court found against Comcast on its claim for damages.

 Although the court did not make a specific determination of damages or the percentage of negligence of each party, the award of zero damages is consistent with the view that the court found Comcast's negligence was equal to that of defendant. Because the court's intention was clear that Comcast not recover any damages, we conclude that the failure to compute the amount of damages and express the percentages of the parties' negligence was harmless. *See Lonardo,* 676 P.2d at 1232.

### III. Damages and Expenses

We also reject Comcast's contention that because the court did not assess or consider the damages provision of section 9–1.5–104.5(2)(d)(I), it erred in its calculation of damages and expenses of suit, including reasonable attorney fees.

 We conclude that this provision of the ERS, although it may give rise to a presumption of liability, does not necessarily

mandate a finding of liability for all damages, costs, and expenses. As noted, the court has discretion under the statute to determine liability and the amount of damages, costs, and expenses, including reasonable attorney fees. Here, the court considered evidence of Comcast's failure to install its cable at the required depth. Section 9–1.5–104.5(5) does not preclude consideration of such evidence but rather permits the trial court to consider other factors in determining damages.

Therefore, we conclude that the trial court did not err when it found both parties comparatively negligent and awarded no damages or expenses.

### IV. Counterclaim

 Finally, Comcast contends that the trial court erred in its findings on defendant's counterclaim for negligent installation of the cable and damages for the delay. As defendant asserts, this claim is moot.

 A case is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. We will not consider and rule on the merits of an appeal when the issues presented to the trial court have become moot due to subsequent events. *Barber v. Ritter,* 170 P.3d 763 (Colo. App.2007). " 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not ... to declare principles or rules of law which cannot affect the matter in issue before it.' " *Id.* at 767 (quoting *Barnes v. Dist. Court,* 199 Colo. 310, 312, 607 P.2d 1008, 1009 (1980)).

 Under two exceptions to the mootness doctrine, courts may consider the merits when the matter involves a question of great public importance, or the issue is capable of repetition, yet evades review. *Gresh v. Balink,* 148 P.3d 419, 422 (Colo.App.2006). We conclude that neither exception applies here.

This case does not involve a factual situation capable of repetition yet avoiding review. Furthermore, no great public interest has been implicated by the facts of this case or the errors alleged, and no recurring constitutional violation has been alleged. *See Grossman v. Dean,* 80 P.3d 952, 960 (Colo.App.

2003) (both exceptions apply where supermotion at issue is product of House rule still in effect, legislative session would end before court could make determination, and issue involves interpretation of state constitutional amendment); *Combs v. Nowak,* 43 P.3d 743, 744 (Colo.App.2002) (both exceptions to mootness doctrine implicated where issue of applicable recall election procedures could not be reached in cases of unsuccessful recall elections and delaying review would cause uncertainty regarding composition of city government).

Here, defendant filed a counterclaim alleging that Comcast's negligent installation of its utility cable caused defendant to incur damages in the form of additional labor and equipment costs for its delay during the repair of the cable. However, the trial court found in favor of Comcast with regard to this counterclaim and held that defendant was not entitled to damages because of its negligence. Thus, the issues raised by Comcast would not affect the judgment, and we conclude that Comcast's contentions are moot.

That portion of the judgment declining to assess the $5,000 penalty is reversed, and the case is remanded with instructions to impose that penalty. In all other aspects, the judgment is affirmed.

Judge CASEBOLT and Judge DAILEY concur.